## EMPIRE TRUST CO. et al. v. AUBREY.

(Circuit Court of Appeals, Fifth Circuit.    November 18, 1918.)

No. 3224.

1. RECEIVERS ⬅96—ATTORNEYS—APPOINTMENT.

It is for the court, and not the trustee named in a mortgage, upon whose suit for foreclosure a receiver was appointed, to determine who should be attorney for the receiver, and be compensated under order of court; so the trustee could not select, in place of the attorney appointed, a firm of which the receiver was a member.

2. RECEIVERS ⬅96—ATTORNEYS—CHANGE.

Merely because it is cheaper, the court, appointing a receiver on mortgage foreclosure, is not required to permit its receiver to employ as his attorney a firm of which he is a member, and which represents one of the parties in the cause, but the court may determine what is for the best interest of all.

3. RECEIVERS ⬅96—ATTORNEYS—DISCRETION OF COURT.

The refusal of the court, appointing a receiver on mortgage foreclosure, to grant the request of the trustee under the mortgage that the attorney appointed to represent the receiver be removed, and a firm of which the receiver was a member be substituted, *held* not an abuse of discretion.

Appeal from the District Court of the United States for the Western District of Texas; William R. Smith, Judge.

Bill by the Empire Trust Company against the Medina Valley Irrigation Company, on which Floyd McGown was appointed receiver. From a decree denying the motion of the complainant to set aside the order appointing William Aubrey, attorney for the receiver, etc., the complainant and receiver appeal. Affirmed.

Floyd McGown, of San Antonio, Tex., and Alex S. Coke, of Dallas, Tex., for appellants.

Frank H. Booth and William Aubrey, both of San Antonio, Tex., for appellee.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. On August 12, 1914, under a bill filed in the District Court by the Empire Trust Company (hereinafter referred to as the Trust Company) against the Medina Valley Irrigation

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Company, for the foreclosure of a mortgage or deed of trust given by the latter, Floyd McGown was appointed receiver of the properties embraced by the instrument sought to be foreclosed, and William Aubrey (hereinafter referred to as the appellee) was appointed the general attorney for said receiver. On January 11, 1915, the court made an order authorizing the receiver to pay to the appellee for his services as such attorney $250 per month until further ordered by the court, that order providing that—

"The sums so paid on said account shall be taken into consideration by the court when the compensation of said William Aubrey for such services is finally fixed by the court for payment herein."

In pursuance of the orders mentioned, the receiver made payments to the appellee until June, 1915. On August 23, 1917, the court ordered the receiver to pay to the appellee, for services rendered by him as attorney for the receiver, $250 per month from and including July, 1915, until further ordered by the court; the order providing that the sums so paid shall be taken into consideration by the court when the compensation of the appellee for his services as attorney for the receiver is finally fixed by the court. By the same order the receiver was directed to employ and avail himself of the professional services of the appellee in all litigation to which the receiver is a party and in all matters and things affecting said receivership, the property in the hands of the receiver as such, and the said receiver in his official capacity. Thereafter the Trust Company moved the court to set aside the order appointing the appellee attorney for the receiver, and the above-mentioned orders of January 11, 1915, and August 23, 1917. By a decree entered on the 18th day of December, 1917, the just-mentioned motion was overruled, the receiver was directed to pay to the appellee $250 per month from the time of his appointment as general attorney for the receiver, less any sums theretofore paid to him under the orders of the court, and it was further ordered that—

"Neither the law firm of Denman, Franklin & McGown, or either of the members of said law firm, shall be or act as attorney or counsel of Floyd McGown, receiver of this court, as such, in any matter affecting this receivership or the property in the hands of said receiver, as such, or the action of said receiver in his official capacity."

The appeal is from the last-mentioned decree.

[1-3] The record discloses nothing upon which to base an attack upon the correctness or propriety of the decree appealed from, unless it is the existence of a contract entered into some time during the year 1916 between the trustee and the law firm of Denman, Franklin & McGown, of which the receiver is a member, by which that firm, for an agreed compensation of $25,000, undertook to represent the trustee in all litigation affecting the trust estate held under mortgages or deeds of trust in suit, and also to represent the receiver in all matters and litigation affecting the trust estate held by him as receiver. Not long before the making of that contract the trustee had terminated the employment of the attorneys who had theretofore represented it in the suit, and had settled with them for the services rendered under

their employment. The fitness and competency of the appellee for the proper and efficient discharge of the duties of attorney for the receiver were not questioned. That the services he had already rendered as such attorney at the time the decree was entered were reasonably worth more than the amount payable to him under that decree was shown by evidence which was practically undisputed. At any time the court may, of its own motion or at the instance of an interested party, order the discontinuance or reduction of the monthly payments provided for, if it is made to appear that the services rendered or to be rendered by the appellee as attorney for the receiver have been or will be properly compensated for by the payments already made or to be made under the orders of the court. It was disclosed that the receiver, without any order of the court, discontinued the payment to the appellee of the monthly compensation, and to a considerable extent ceased to avail himself of the services of the appellee in matters requiring the rendition of legal services to the receiver, because of the existence of the above-mentioned contract between the trustee and the firm of which the receiver is a member, and because the trustee objected to the appellee's continued rendition of services as attorney for the receiver.

It was for the court, not for the trustee, to determine who was to render the legal services required by the receiver and to be compensated for under the orders of the court. The court's selection of the agencies for the administration and protection of the estate in its custody was not subject to be set aside in whole or in part by the action of a party to the cause, taken without the court's consent or approval. It was beyond the power of the trustee, the plaintiff in the suit, or of the receiver, to substitute in the place of the attorney selected by the court to represent the receiver a firm representing the plaintiff in the suit, of which firm the receiver was a member, entitled to share in its earnings. It has not been made to appear that the court abused its discretion in making the order appealed from. It was not even made to appear that it would cost the trust estate more for the receiver to be represented by the appellee, pursuant to the orders of the court, than it would be for the court to set aside those orders and permit the firm of which the receiver is a member to act as the attorney for the receiver, pursuant to the contract between that firm and the plaintiff in the suit.

The aggregate of the sums payable to the appellee under the court's orders and that properly chargeable against the trust estate for services rendered to the plaintiff by its attorneys under the above-mentioned contract may be less than $25,000. But merely because it is cheaper, the court is not required to permit its receiver to employ as his attorneys a firm of which he is a member and which represents one of the parties to the cause. It was for the court to determine whether the due protection of the estate in its custody required that the receiver have an attorney not in the employment of a party to the cause, and one whose compensation would not be shared in by the receiver. It is no more than a proper precaution to deprive a receiver of any incentive to magnify the services rendered by his attorney. An appro-

priate means to that end is the selection for the position of attorney for the receiver of one in whose compensation the receiver has no interest.

We discover no error in the action of the court evidenced by the decree appealed from. That decree is affirmed.